IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathanael L. Reynolds, #1514748, ) | C/A No.: 1:16-1741-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Michael Johnson, Sheriff; Director ) | |
| Nadia Pressley, Director; Curtis Brow, ) | |
| Major; Chief Ervin, Lt.; and ) | |
| Williamsburg County Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Nathanael L. Reynolds ("Plaintiff"), proceeding pro se and in forma pauperis, is currently incarcerated at the Charleston County Detention Center. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights related to his prior incarceration in the Williamsburg County Detention Center ("WCDC"). Plaintiff sues Williamsburg County Sheriff Michael Johnson, WCDC, and WCDC employees Director Nadia Pressley ("Pressley"), Major Curtis Brown ("Brown"), and Lt. Chief Ervin ("Ervin") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I. Factual and Procedural Background

Plaintiff filed this complaint asserting claims for malicious prosecution and false imprisonment. [ECF No. 1 at 2]. Plaintiff alleges the Williamsburg County Sheriff's Department arrested him for burglary third degree. *Id*. at 3. Plaintiff states he received a letter on January 2, 2014, informing him that his burglary third charge was reduced to a magistrate-level charge. *Id.* Plaintiff alleges "he allowed [Ervin] to know of this information" and Ervin asked Plaintiff "to allow him and the administration to fix the situation." *Id.* Plaintiff claims he remained in jail for several more days. *Id*. Plaintiff states he filed a grievance with Johnson, Pressley, and Brown, but they did not respond. *Id.* at 3–4. Plaintiff argues

> had officials corrected errors, and released him from the Detention Center in timely manner he would not have been held in jail against his free will for twenty three days after they had knowledge that he was to be released on 1/2/14.

*Id.* at 4. Plaintiff alleges Defendants seized him pursuant to legal process that lacked probable cause, and states he was "held in jail against his free will, and had not committed any knew crimes within the Detention Center until 1/24/14." *Id.* Plaintiff seeks injunctive relief and monetary damages. *Id.* at 6.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

2

this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

Plaintiff has previously filed complaints in this court alleging identical facts and causes of action. *See Reynolds v. Pressley*, C/A No. 1:14-4430-MGL (D.S.C. May 26,

2015) and *Reynolds v. Johnson*, C/A No. 4:15-2350-MGL (D.S.C. Aug. 31, 2015).[1] These cases were summarily dismissed without prejudice on May 26, 2015, and August 31, 2015. *Id.* As in his previous cases, Plaintiff provides insufficient factual allegations in the instant complaint to state a cognizable claim under § 1983.

Plaintiff alleges Defendants subjected him to false imprisonment. This claim is analogous to the common law tort of malicious prosecution, which permits damages for confinement pursuant to legal process. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996) (finding that "allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution"). "[I]t is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). However, to the extent such a right exists, a plaintiff must demonstrate seizure "'pursuant to legal process that was not supported by probable cause and [] that the criminal proceedings have terminated in plaintiff's favor.'" *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (quoting *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005)). First, Plaintiff does not allege his criminal proceedings terminated in his favor. Second, although Plaintiff alleges the legal process resulting in his incarceration lacked probable cause, Plaintiff fails to offer any facts to support this allegation. Instead, Plaintiff argues

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

4

his incarceration should have ended sooner. Because Plaintiff fails to plead the necessary elements for a false imprisonment/malicious prosecution claim, Plaintiff's complaint is subject to summary dismissal.[2]

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

June 3, 2016                                                Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2]  To the extent Plaintiff seeks damages based on Defendants' failure to respond to his grievance, Plaintiff does not have a constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).